IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NITA B. ARCHIE                              :

    v.                                          :   Civil Action No. DKC 14-0330

LAWONNE ELENORA AGER BOOKER                 :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this fraud action is a motion to dismiss filed by Defendant LaWonne Elenora Ager Booker. (ECF No. 41). Also pending are motions regarding perjury (ECF No. 39) and obstruction of justice (ECF No. 40) filed by Plaintiff Nita B. Archie ("Plaintiff"). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant Booker's motion to dismiss will be denied and Plaintiff's motions will be denied.

**I.  Background**

    **A.  Factual Background**

Plaintiff alleges that Defendant LaWonne Booker and others defrauded Plaintiff and stole her identity in connection with a mortgage scheme. According to Plaintiff, the defendant along with others operated To God Be The Glory Financial Services, Inc. ("TGBTG"), a company located in Prince George's County, Maryland, specializing in tax preparation, financial literacy,

certified housing counseling, and debt consolidation and elimination. (ECF No. 5, at 2-3). Plaintiff brings this action "for fraudulent, false statements [initiated] by Defendants unbeknownst to Plaintiff" and "[i]dentity theft [initiated] by Defendants falsifying Plaintiff's primary, true . . . residence." (*Id.* at 7). Plaintiff seeks compensatory, cumulative, and punitive damages in the amount of three million dollars and injunctive relief. (*Id.* at 10).

   B.   **Procedural Background**

In light of Plaintiff's indigent status, the United States Marshal has been available to effect service of process. *See* Fed.R.Civ.P. 4(c)(3). Plaintiff completed and returned the Marshal form, listing incorrectly Defendant LaWonne Booker's address for service. The Marshal attempted but failed to effect service at the address provided. (ECF No. 17, at 1). Once again, Plaintiff provided a completed Marshal form for Defendant LaWonne Booker, and the court directed the Marshal to effectuate service of process. (ECF No. 21). On August 5, 2014, the Marshal indicated that Defendant LaWonne Booker was served via certified mail on July 20, 2014. (ECF No. 24). However, the "green card" attached as proof of service demonstrated that the Marshal did not serve Defendant LaWonne Booker by restricted delivery, certified mail as directed by the court. The court again directed the Marshal to effectuate service of process.

2

(ECF No. 33). Defendant LaWonne Booker provided official notice to the court of her address at PO Box 6321, Largo, Maryland 20792. (ECF No. 35).[1] The court re-issued a summons for Defendant LaWonne Booker on January 13, 2015. (ECF No. 38).

On March 4, 2015, Plaintiff filed two additional motions: a motion regarding perjury (ECF No. 39); and a motion regarding obstruction of justice (ECF No. 40). On May 1, Defendant LaWonne Booker ("Defendant") filed a motion to dismiss for improper service and because the above-captioned case was against a corporation rather than an individual. (ECF No. 41). Plaintiff's motion styled as "Plaintiff's Reply to Deny Defendants' Motion as per Rule 12(b)(5) and Defendants' Abscond; Plaintiffs Request for Default Judgment" will be construed as Plaintiff's response in opposition to Defendant's motion to dismiss. (ECF No. 44).

## II. Analysis

Plaintiff's pending motions regarding perjury (ECF No. 39) and obstruction of justice (ECF No. 40) do not conform to Fed.R.Civ.P. 7(b)(1). Rule 7 describes the requirements for a proper motion, which are that the motion "state with particularity the grounds for seeking the order" and "state the

---

[1] In addition, the business entity located at the address erroneously provided by Plaintiff filed correspondence "requesting that this court strike every document . . . being served [at] this address." (ECF No. 37).

3

relief sought." Fed.R.Civ.P. 7(b)(1)(B) and (C). The court previously denied motions filed by Plaintiff on these grounds. (ECF No. 33, at 2). In the two pending motions, Plaintiff largely repeats allegations and requests for relief found in the second amended complaint.[2] Accordingly, Plaintiff's duplicative filings styled as "Motion Perjury" and "Motion Obstruction of Justice" will be denied.

Defendant moves to dismiss Plaintiff's second amended complaint on several grounds: the instant action is one against a corporation rather than an individual; an incorrect spelling of Defendant's name appeared on service of process documentation; and improper service. (ECF No. 41). First, Plaintiff's second amended complaint includes allegations of fraud against Defendant, an individual. (ECF No. 5, at 3-4, 6-7). Defendant argues that Plaintiff "has never provided any

---

[2] Plaintiff also raises the matter of Defendant's mailing address and asserts that "Defendant committed perjury [by] providing the Court with direct evidence to the nefarious, fraudulent concern of Defendant. P.O. Box 6321, Largo, MD 20792 is a false, false, false address." (ECF No. 39, at 2). Factual disputes are common in litigation, and it is not the province of the court to make such credibility determinations. Plaintiff has not substantiated any contention that Defendant willfully provided a false address, but, even if she had, it is beyond the court's purview in this civil matter to provide relief under criminal statutes. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). The same reasoning applies to Plaintiff's assertion that Defendant "obstructed justice by, through, and with comingled companies." (ECF No. 40, at 2).

factual evidence that [Defendant] has engage[d] in being a corporation." (ECF No. 41). At this stage, however, Plaintiff is not required to supply the court with factual evidence supporting her claims. Furthermore, courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In addition, Defendant moves to dismiss for incorrect spelling and improper service. Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for insufficient service of process. If service is contested, the plaintiff "bears the burden of establishing its validity" pursuant to Rule 4. *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); Fed.R.Civ.P. 4. Even so, insufficient service of process does not always necessitate dismissal. *See, e.g., Pugh v. E.E.O.C.*, DKC-13-02862, 2014 WL 2964415, at *3 (D.Md. June 30, 2014). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effect service of process and uphold the jurisdiction of the court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). When actual notice is provided, "failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may

not be ignored." *Id.* (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Rule 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process." "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Wright & Miller, 5B Federal Practice and Procedure § 1353 (3d ed.) (footnote omitted).

To the extent that Defendant moves to dismiss under Rule 12(b)(4) due to a spelling error, Defendant's motion will be denied. Here, the second amended complaint and Plaintiff's subsequent filings correctly identify Defendant as LaWonne Elenora Ager Booker. Although the initial case caption contained a misspelling, the docket now reflects the full and correct names for Plaintiff and Defendant. Defendant has had notice of the claims against her, and errors on the docket have been corrected as confusion concerning identities of the parties dissipated.[3] Similarly, to the extent that Defendant moves to

---

[3] On April 25, 2014, the clerk was directed to amend the docket to reflect LaWonne Elenora Ager Booker as the lead defendant. At the same time, the court corrected the initial

6

dismiss under Rule 12(b)(5) for insufficient service of process, Defendant's motion will be denied. As noted above, the court re-issued a summons for Defendant LaWonne Booker on January 13, 2015. (ECF No. 38). The summons reflected the address provided by Defendant when Defendant first moved to dismiss: "Please note the correct address for LaWonne Ager is PO Box 6321 Largo MD 20792." (ECF No. 11).[4] In the pending motion to dismiss, Defendant asserts: "Once again the address is PO Box 6321 LARGO MD 20721." (ECF No. 41). Defendant cannot continue to adjust her mailing address and escape service of process. Accordingly, the court denies Defendant's motion to dismiss for improper service.

**III. Conclusion**

Based on the foregoing, it is this 21st day of December, 2015, by the United States District Court for the District of Maryland, ORDERED that:

---

mistake and dismissed the complaint as against Ager Booker. (ECF No. 6).

[4] Using the "Look Up a ZIP Code" feature on the United States Postal Service website, the correct ZIP code for PO Box 6321 in Largo, Maryland, appears to be 20792-6321. *Look Up a ZIP Code*, USPS, https://tools.usps.com/go/ZipLookup ResultsAction!input.action?resultMode=1&companyName=&address1=PO+Box+6321&address2=&city=Largo&state=MD&urbanCode=&postalCode=&zip= (last visited Dec. 21, 2015).

1. Plaintiff Nita B. Archie's motions regarding perjury (ECF No. 39) and obstruction of justice (ECF No. 40) BE, and the same hereby ARE, DENIED;

2. Defendant LaWonne Elenora Ager Booker's motion to dismiss (ECF No. 41) BE, and the same hereby IS, DENIED;

3. Defendant IS GRANTED twenty-one (21) days from the date of this order to file a response or answer to Plaintiff's second amended complaint; and

4. The clerk will transmit copies of this memorandum opinion and order directly to the parties.

/s/
DEBORAH K. CHASANOW
United States District Judge