IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| NITA B. ARCHIE | |
| | : |
| v. | : Civil Action No. DKC 14-0330 |
| | : |
| LAWONNE ELENORA AGER BOOKER | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud action is a motion to dismiss filed by Defendant LaWonne Elenora Ager Booker ("Defendant"). (ECF No. 49). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted.

I.   **Background**

A.   **Factual Background[1]**

Plaintiff Nita B. Archie ("Plaintiff") alleges that she was defrauded and her identity was stolen in connection with a mortgage scheme. According to Plaintiff, Defendant and others operated To God Be The Glory Financial Services, Inc. ("TGBTG"), a company located in Prince George's County, Maryland, specializing in tax preparation, financial literacy, certified

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pleaded allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

housing counseling, and debt consolidation and elimination. (ECF No. 5, at 2-3). According to Plaintiff:

> [Defendant] acted as agent, leader, and chief promoter to unsuspecting persons seeking tax preparation. Upon $500 payment to [Defendant], [Defendant] obtained [W-2 forms] and other tax preparation documents. [Defendant] inquired about homeownership and financial goals of Plaintiff. [Defendant] introduced other financial services provided by [TGBTG] focused on HUD approved, HUD certified financial literacy service endorsed by Oprah Winfrey by [and] through [TGBTG].
>   Following [Defendant's] financial transactions [Defendant] vanished without any forwarding information now resurfacing.

(*Id.* at 3-4). Plaintiff continues, "[Defendant and others] promoted, promised and delivered following tax preparation a 203K financial product which in actuality was a 'NO DOC' financial product as a ways and means of [Defendant] credit repair, financial literacy method of [TGBTG], guarantee of financial stability." (*Id.* at 6).

Plaintiff brings this action "for fraudulent, false statements [initiated] by [Defendant and others] unbeknownst to Plaintiff" and "[i]dentity theft [initiated] by [Defendant and others] falsifying Plaintiff's primary, true . . . residence." (*Id.* at 7). Plaintiff seeks compensatory, cumulative, and punitive damages in the amount of three million dollars and injunctive relief. (*Id.* at 10).

2

### B.   Procedural Background

Plaintiff, proceeding *pro se*, sued Defendant and others on February 4, 2014.  (ECF No. 1).  The court granted Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) and Plaintiff filed an amended complaint on March 21 (ECF No. 4).  The court consolidated two cases brought by Plaintiff against Defendant and others, determined that Plaintiff's amended complaint failed to comply with federal pleading standards, and granted Plaintiff the opportunity to file a second amended complaint comporting with Fed.R.Civ.P. 8(a).  (ECF No. 7).

Plaintiff filed a second amended complaint on April 18, adding another defendant.  (ECF No. 5).  On July 17, the court dismissed Plaintiff's second amended complaint as to all named defendants except Defendant LaWonne Booker.  (ECF No. 21). Subsequently, Plaintiff filed five additional motions: a motion of intimidation (ECF No. 25); a motion (ECF No. 26); a motion for default judgment (ECF No. 27); a motion regarding intentional infliction of emotional distress (ECF No. 28); and a motion regarding abuse of power (ECF No. 29).  The court denied Plaintiff's motions for failure to conform to the standards set by Fed.R.Civ.P. 7(b)(1)(B) and (C).  (ECF No. 33, at 2).

On March 4, 2015, Plaintiff filed two additional motions: a motion regarding perjury (ECF No. 39); and a motion regarding obstruction of justice (ECF No. 40).  Subsequently, Defendant,

3

also proceeding *pro se*, filed a motion to dismiss for improper service and because Plaintiff brought her case against an individual rather than a corporation. (ECF No. 41). On December 21, Plaintiff's two motions and Defendant's motion to dismiss were denied, and Defendant was given 21 days within which to file a response or answer to Plaintiff's second amended complaint. (ECF No. 45). On February 2, 2016, the court directed Plaintiff to file a motion for entry of default, which Plaintiff subsequently filed. (ECF Nos. 46; 47).

On February 29, 2016, Defendant filed the pending motion to dismiss, a motion to vacate any default, and an answer to the amended complaint. (ECF Nos. 49; 50; 51). Plaintiff was provided with a *Roseboro* notice, which advised her of the pendency of the motion to dismiss and her entitlement to respond within 17 days. (ECF No. 52); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). On March 2, the court denied Plaintiff's motion for clerk's entry of default against Defendant. (ECF No. 53). Plaintiff filed a response in opposition to Defendant's motion to dismiss (ECF No. 54) and a

motion regarding "Equity Stripping and Abscond by Defendant" (ECF No. 55).[2]

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  At this

---

[2] Plaintiff's pending motion styled as a motion concerning "Equity Stripping and Abscond by Defendant" (ECF No. 55) does not conform to the standards established by Rule 7(b)(1).  Rule 7 describes the requirements for a proper motion, which are that the motion "state with particularity the grounds for seeking the order" and "state the relief sought."  Fed.R.Civ.P. 7(b)(1)(B) and (C).  The court previously denied motions filed by Plaintiff on these grounds. (*See* ECF No. 33, at 2; ECF No. 45, at 4).  In her pending motion, Plaintiff repeats allegations and requests for relief found in the second amended complaint.  She also raises some allegations that were not included in the second amended complaint, such as those concerning equity stripping.  The court will not consider such allegations, however, because Plaintiff cannot amend her complaint without "the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).  Accordingly, Plaintiff's motion will be denied.

stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

Allegations of fraud, which Plaintiff asserts throughout the second amended complaint and form the basis of her action against Defendant, are subject to the heightened pleading standard of Fed.R.Civ.P. 9(b). *Harrison*, 176 F.3d at 783. Rule 9(b) states that, "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Such circumstances typically "include the 'time, place, and contents of the false representation, as well as the identity of the

person making the misrepresentation and what [was] obtained thereby.'" *Id.* at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1297 (2d ed. 1990)). Rule 9(b) provides the defendant with sufficient notice of the basis for the plaintiff's claim, protects the defendant against frivolous suits, eliminates fraud actions where all of the facts are learned only after discovery, and safeguards the defendant's reputation. *Id.* at 784 (citation omitted). Fraud allegations that fail to comply with Rule 9(b) warrant dismissal under Rule 12(b)(6) review. *See id.* at 783 n.5.

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). Even when *pro se* litigants are involved, however, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Analysis

In her motion to dismiss, Defendant argues that Plaintiff's action cannot be brought against the employee of a corporation. (ECF No. 49).[3] Defendant's argument is unavailing, however, as a plaintiff can sue an employee of a company if allegations of fraud are properly pleaded against the individual. *See, e.g.*, *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F.Supp.2d 577 (D.Md. 2013) (noting that the plaintiff, a prospective car buyer, asserted fraud claims against a car dealership and its employees). Defendant has not offered any case law in support of her contention.

Furthermore, Defendant appears to invoke Rule 12(b)(6) by arguing that "there have been no valid claims . . . against [her]" in the second amended complaint. (ECF No. 49).[4] Plaintiff challenges Defendant's motion to dismiss on several grounds:  there was no proper certificate of service; there was

---

[3] This is not the first time that Defendant has advanced such an argument. (*See* ECF No. 41). The court determined previously that "Plaintiff's second amended complaint includes allegations of fraud against Defendant, an individual." (ECF No. 45, at 4 (citing ECF No. 5, at 3-4, 6-7)).

[4] Defendant also argues that Plaintiff has not "proven claims of validity against [Defendant]." (ECF No. 49). As the court has explained previously, "Plaintiff is not required to supply the court with factual evidence supporting her claims" at the motion to dismiss stage. (ECF No. 45, at 5); *see E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[O]nly the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion.").

no name under Defendant's signature on the motion; and default judgment should have been entered because Defendant did not file a response or answer within 21 days.  (ECF No. 54, at 2-3). Each of Plaintiff's arguments lacks merit.  The court instructed the clerk to mail a copy of Defendant's motion to dismiss to Plaintiff and denied Plaintiff's motion for clerk's entry of default against Defendant.  (ECF No. 53).  Accordingly, the court will consider Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Even if Defendant's motion to dismiss were insufficient to warrant Rule 12(b)(6) review, however, Plaintiff proceeds *in forma pauperis*, and the court has discretion to dismiss the pleading *sua sponte* for failure to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

As an initial matter, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pursuant to Rule 8(d)(1), each allegation in a complaint "must be simple, concise, and direct."  Plaintiff must also state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed.R.Civ.P. 10(b).  Here, the complaint does not set forth allegations in numbered paragraphs as required by Rule 10(b).  Nor does Plaintiff include her claims in specific, distinct counts.

9

Moreover, Plaintiff has failed to plead facts sufficient to state a claim for fraud, certainly falling short of Rule 9(b)'s heightened pleading standard.   The second amended complaint is devoid of details establishing the "time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby." *Harrison,* 176 F.3d at 784 (citation omitted).   In a separate case that she filed in 2014, Plaintiff set forth similar allegations of fraudulent conduct. *See Archie v. Tomlin*, TDC-14-0509, ECF No. 4.   Judge Chuang held in *Tomlin* that Plaintiff's amended complaint did not meet Rule 9(b)'s heightened pleading standard because it failed to provide specific dates and details regarding the alleged fraud and her communications with the defendants. *Tomlin*, TDC-14-0509, ECF No. 25, at 2-3.  Here, the second amended complaint suffers from the same fatal defects.   Plaintiff has not included specific dates or any particularized context for her allegations sounding in fraud.   The second amended complaint largely consists of conclusory statements without further factual enhancement. (*See* ECF No. 5, at 3 (alleging a "perpetration of a fraud against the illiterate populations lacking, yet seeking financial literacy")).   Even when Plaintiff attempts to provide greater context, she fails both to include necessary timeframes and to

identify whether Defendant or another individual purportedly committed fraud. (*See id.* at 6).

This court has dismissed actions *sua sponte* under § 1915(e)(2)(B)(ii) for failure to meet Rule 9(b)'s heightened pleading standard in fraud actions. *See Sweeting El v. Cornejo*, No. DKC-12-3653, 2013 WL 1390035, at *2 (D.Md. Apr. 3, 2013) ("Plaintiff's complaint is plainly lacking in the requisite detail, as it merely contains conclusory allegations of fraud."). Such a determination is appropriate here. Plaintiff also alleges violations of various criminal statutes regarding fraud. (*See* ECF No. 5, at 2, 9). As noted in a prior opinion, it is beyond the court's purview in this civil matter to provide relief under criminal statutes. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). "If [P]laintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities." *Randolph v. Holder*, No. ELH-15-982, 2015 WL 1656733, at *2 (D.Md. Apr. 9, 2015), *appeal dismissed* (June 22, 2015).

Plaintiff has been given three bites at the apple "and there is no reason to think that a [fourth] bite would bear fruit." *Tasciyan v. Med. Numerics*, No. 11-1467-AW, 2011 WL 6097977, at *5 (D.Md. Dec. 6, 2011). As in *Tomlin*, Plaintiff's

11

conclusory pleading falls short of Rule 9(b)'s heightened pleading standard and fails to state a claim for fraud. Under Rule 12(b)(6) and pursuant to § 1915(e)(2)(B)(ii), the second amended complaint will be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted, and Plaintiff's motion will be denied. A separate order will follow.

                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge